# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROL SUE OURSO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2970-SS** |
| **DANIEL EDWARDS, et al** | |

## ORDER

PLAINTIFF'S MOTION FOR NEW TRIAL(Rec. doc. 36)

**DENIED**

## BACKGROUND

On December 3, 2011, Carol Sue Ourso ("Ourso") filed a complaint against Daniel Edwards, the Sheriff of Tangipahoa Parish ("Sheriff Edwards"), Captain Joyce Jackson, the Warden of the Tangipahoa Parish Jail, unknown deputies and CNA Insurance Company alleging violations of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments of the U.S. Constitution. She is represented by counsel. Rec. doc. 1. An amended complaint was filed to dismiss CNA Insurance Company and substitute Columbia Casualty Company. Rec. doc. 4. The defendants answered. Rec. doc. 13. The parties consented to proceed before a Magistrate Judge. Rec. doc. 20.

There was a telephone conference on September 18, 2012. Counsel for Ourso was unavailable. The trial was set for December 3, 2012. Rec. doc. 27.

On August 17, 2012, Sheriff Edwards filed a motion to compel discovery from Ourso. She did not file any opposition. Rec. doc. 22. Ourso was ordered to respond fully to Sheriff Edwards' discovery by September 19, 2012. Rec. doc. 25.

On September 24, 2012, the defendants filed a motion for summary judgment. Rec. doc. 29.

It was noticed for submission on October 10, 2012.  Pursuant to Local Rule 7.5, Ourso's opposition was due on October 2, 2012.  She did not file any opposition to the motion.

On September 25, 2012, Sheriff Edwards filed a motion for sanctions.  He reported that in response to the September 5, 2012 order, Ourso served incomplete responses.  Rec. doc. 30.  The motion was noticed for submission on October 10, 2012.  Ourso did not file any opposition.

On October 11, 2012, the motion for summary judgment was granted.  The motion for sanctions was dismissed as moot.  Rec. doc. 31.  A judgment was entered in favor of the defendants. Rec. doc. 32.  The order and judgment were sent electronically to counsel for Ourso at his email address.  The order states:

> A motion for reconsideration of this order, if any, must be filed within ten (10) days. The motion must be accompanied by an opposition memorandum to the original motion.

Rec. doc. 31 at 2, n. 1.

On November 8, 2012 (28 days after the order granting the motion for summary judgment), Ourso attempted to file an *ex parte* motion for a new trial.  It stated:

> Undersigned counsel for the plaintiff was unaware of the relatively new rule related to the Notice of Submission and the related deadlines for filing an opposition. Undersigned counsel, while resolving the discovery dispute and researching the arguments alleged in the defendant's Motion for Summary Judgment, was waiting for the motion to be set for hearing, to determine the deadline for the opposing memorandum.

Rec. doc. 33 at 2.  It has long been a requirement in the Eastern District of Louisiana that motions be filed with a notice of hearing (now notice of submission) and that any oppositions are due 8 days before the submission date.  More important, the motion for summary judgment was accompanied by a notice of submission which stated that "on October 10, 2012, at 9:00 a.m. the Motion for Summary Judgment filed by Defendants will be deemed submitted. . . ."  Rec. doc. 29 (Notice of

2

Submission).

Ourso's counsel had first-hand experience with the due dates for oppositions.  Sheriff Edwards' August 17, 2012 motion to compel was granted as unopposed.  Rec. doc. 25.  The order states:

> The motion of the defendant, Sheriff Daniel Edwards, to compel discovery from the plaintiff, Carol Sue Ourso ("Ourso"), was set for submission on Wednesday, September 5, 2012.  Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing of the motion.  No memorandum in opposition to Sheriff Edwards' motion to compel discovery was submitted.  Accordingly, this motion is deemed to be unopposed, and, further, it appearing that the motion has merit,
>
> IT IS ORDERED that Sheriff Edwards' motion to compel discovery (Rec. doc. 22) is GRANTED.

Rec. doc. 25 (footnote omitted).  The Clerk's record demonstrates that this order was sent to Ourso's counsel electronically.

The Clerk marked Ourso's *ex parte* motion for a new trial as deficient.  On November 16, 2012, she attempted to file a motion for new trial.  Rec. doc. 34.  It too was marked deficient.  On November 26, 2012 (46 days after the order granting the motion for summary judgment), Ourso filed a further motion for new trial.  Rec. doc. 36.

## APPLICABLE LAW

In <u>Lavespere v. Niagara Mach. & Tool Works, Inc</u>., 910 F.2d 167, 173 (5th Cir. 1990), the Fifth Circuit stated:

> When a party files a motion for reconsideration of a summary judgment and submits in support of that motion evidentiary materials that she failed to file on time, the extent of the court's discretion to reopen the case and to consider the materials depends, in the first instance, on the particular Federal Rule of Civil Procedure under which the motion arises.  The Federal Rules do not recognize a "motion for reconsideration" *in haec verba.*  We have consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be

3

> treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief
> from judgment" under Rule 60(b).  Under which Rule the motion falls turns on the
> time at which the motion is served.  If the motion is served within ten days of the
> rendition of judgment, the motion falls under Rule 59(e); if it is served after that
> time, it falls under Rule 60(b).

Id. at 173 (footnote omitted).  See also Sheppard v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir.

2004).  Pursuant to the 2009 amendments to the Federal Rules of Civil Procedure, the 10 day period

in Rule 59 was extended to 28 days.  Fed. Rule Civ. P. 59 Advisory Committee's Note, 2009

amendments.

> The district court has considerable discretion in deciding whether to reopen a case
> under Rule 59(e).  However, its discretion is not without limit.  The court must strike
> the proper balance between two competing imperatives:  (1) finality, and (2) the need
> to render just decisions on the basis of all the facts.

Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).  The Fifth Circuit

describes the following grounds for granting a motion for reconsideration under Rule 59(e):  (1) an

intervening change in controlling law; (2) the availability of new evidence not previously available;

or (3) the need to correct a clear error of law or prevent manifest injustice.

If the motion for reconsideration is filed outside the 28 days permitted in Rule 59(e), it must

be considered under Rule 60.  Lavespere., 910 F.2d at 173.  The Court is empowered to "relieve a

party from a final judgment" upon a showing of (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment

has been satisfied, released or discharged; or (6) any other reason justifying relief for the operation

of the judgment. " Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991) (citing Fed. R. Civ.

P. 60(b)).  The district court enjoys considerable discretion when determining whether the movant

has satisfied any of these Rule 60(b) standards. Id.

4

## ANALYSIS

The November 8, 2012 *ex parte* motion for a new trial was deficient under the Local Rules. In addition, it did not comply with the requirement in October 11, 2012 order that the motion for a new trial "be accompanied by an opposition memorandum to the original motion."  Rec. doc. 31 at 2, n. 1.  Ourso's motion for a new trial was not filed until November 26, 2012, rec. doc. 36, and thus was not filed within 28 days of the order granting the motion for summary judgment.  Ourso's motion must be considered under Rule 60(b).  She has not satisfied any of the criteria for relief under Rule 60(b).  There is no basis for her to argue excusable neglect.  She had actual experience with the Local Rules of the Eastern District of Louisiana and the consequence of failing to file a timely opposition.  Even without such experience, she should have been aware of the requirements for a timely opposition to a motion for summary judgment.

Assuming that Ourso is considered as having filed a motion for a new trial on November 8, 2012, then it would have been filed within 28 days of the order granting the motion for summary judgment.  It would be considered as a timely motion to alter or amend under Rule 59(e).  Ourso has not presented an intervening change in controlling law.  She has not demonstrated the availability of new evidence.  She does not contend that there is a clear error of law.  Her memorandum in support of her motion for a new trial can only be construed as contending it should be granted to prevent manifest injustice.

The motion of the defendants for summary judgment, including the evidence submitted in support of it were reviewed.  Rec. doc. 29.  The denial of plaintiffs' motion for a new trial will not result in manifest injustice.

5

IT IS ORDERED that Ourso's motion for a new trial (Rec. doc. 36) is <u>DENIED.</u>

New Orleans, Louisiana, this 7th day of February, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**

6